SARAH R. HIXSON AND EDWARD B. HIXSON, PLAINTIFFS, v. JOHN BURNS AND HELEN BURNS, DEFENDANTS.

Submitted October term, 1930—Decided June 24, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *Collins & Corbin* (*Edward A. Markley*, of counsel).

*Contra, Francis A. Gordon.*

PER CURIAM.

This was an automobile accident case in which the plaintiff recovered a verdict. The defendant has a rule for new trial, and among other things contends that the court erred in its instructions to the jury. The accident occurred at or near the intersection of Westminster avenue and Malden Terrace, in Elizabeth, as Helen Burns, one of the plaintiffs, was making a left-hand turn from Malden Terrace to Westminster avenue, and the learned trial judge instructed the jury as follows: "If you find that the defendant Helen Burns was about to make a left-hand turn—I think she was about to do that—then also according to the provisions of the Traffic act she was required to proceed beyond the center of the intersection before making the contemplated turn."

The accident occurred on November 23d, 1928, and at that time chapter 281 of the laws of 1928 (page 761), had modified the old law respecting the duty of one in the position of the defendant by enacting—

"1. Except as otherwise provided in this article, the driver of a vehicle intending to turn to the right at an intersection, shall approach such intersection in the lane for traffic nearest to the right hand curb or side of the highway, and in turning shall keep as closely as practicable to the right-hand curb or side of the highway until the turn is completed, and when intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway, and in turning left shall pass immediately to the left of the center of the intersection, passing as closely as shall be practicable to the left of the center of the intersection."

This modification of the law was apparently overlooked by the learned trial judge. There was proof in the case that the defendant was making the shorter turn as distinguished from the earlier statute which provided that the turn should be on the outer line of the circle, and in this situation the jury may well have found that the turn was in direct violation instead of in strict conformity with the law. Such instruction was obviously harmful.

The rule will be made absolute.